787 F.2d 593
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CARL SUTTON, JR., Plaintiff-Appellant,
v.
STATE OF OHIO; GOVERNOR JAMES A. RHODES; HAMILTON COUNTY
DOMESTIC RELATIONS COURT; CLAYTON SHEA; EDNA M.
HOLMES (NEE) EDNA M. SUTTON, Defendants-Appellees.
 85-3843
 United States Court of Appeals, Sixth Circuit.
 3/6/86
 AFFIRMED
 S.D.Ohio
 ORDER
 
 1
 BEFORE: MILBURN and RYAN, Circuit Judges; and BERTELSMAN, District Judge.*
 
 
 2
 Plaintiff appeals the order dismissing his pro se civil rights action brought under 42 U.S.C. Sec. 1983. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Plaintiff filed this civil rights action against the State of Ohio, Governor James Rhodes, the Hamilton County Domestic Relations Court, Judge Paul George, attorney Clayton Shea, and his ex-wife, Edna Holmes. Plaintiff alleged that defendants deprived him of procedural due process by misinforming him concerning when the hearing was scheduled in his divorce action. When plaintiff arrived for the hearing, it was already over and the divorce had been granted. Plaintiff does not challenge the divorce itself. Instead, he claims that this action deprived him of the property accumulated during the marriage. The district court dismissed the complaint sua sponte. This Court reversed and remanded for compliance with Tingler v. Marshall, 716 F.2d 1109 (6th Cir. 1983). On remand, defendants filed motions to dismiss on the grounds of immunity, lack of jurisdiction, and failure to state a claim. The case was referred to a magistrate, who recommended that the complaint be dismissed as seeking appellate review of a state decision or an attempt to invoke federal jurisdiction in a domestic relations case. Plaintiff filed timely objections claiming that he was alleging deprivation of due process and the magistrate had misconstrued the complaint. The district court adopted the magistrate's report and dismissed the complaint. We affirm.
 
 
 4
 The district court correctly held that the federal courts have no jurisdiction to review decisions of the state courts. See Johns v. Supreme Court of Ohio, 753 F.2d 524 (6th Cir.), cert. denied, ---- U.S. ----, 106 S.Ct. 79 (1985). However, plaintiff argues that he is not attempting to appeal the state decision but is alleging deprivation of property without due process. To state a claim under 42 U.S.C. Sec. 1983 for deprivation of property without procedural due process, the plaintiff must allege and prove that state remedies are inadequate. Hudson v. Palmer, ---- U.S. ----, 104 S.Ct. 3194 (1984); Parratt v. Taylor, 451 U.S. 527 (1981); Bacon v. Patera, 772 F.2d 259 (6th Cir. 1985); Wilson v. Beebe, 770 F.2d 578 (6th Cir. 1985) (en banc); Wagner v. Higgins, 754 F.2d 186 (6th Cir. 1985). Plaintiff has not alleged that the state remedies are inadequate. He has alleged only a procedural irregularity in the state trial court. The record does not show that plaintiff appealed the decision in the divorce action. Ohio law provides another method to challenge the decision through a motion for relief from judgment under Ohio Civil Rule 60. In addition, Ohio Revised Code Sec. 2743.02 provides a remedy for tortious deprivation of property by state officials. Therefore, plaintiff has failed to state a claim for deprivation of property without procedural due process.
 
 
 5
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).
 
 
 
 *
 The Honorable William O. Bertelsman, U.S. District Judge for the Eastern District of Kentucky, sitting by designation