791 F.2d 931
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT LEE BOLES, JR., Plaintiff-Appellant,
v.
SAGINAW POLICE DEPARTMENT; ERNEST L. BRADLEY; ARNOLD BURNS,
Defendants-Appellees.
 85-1086
 United States Court of Appeals, Sixth Circuit.
 4/23/86
 AFFIRMED
 
 1
 E.D.Mich.
 
 ORDER
 
 2
 BEFORE: MERRITT and JONES, Circuit Judges, and THOMAS, Senior District Judge.*
 
 
 3
 Plaintiff appeals the summary judgment for defendants in this civil rights action. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 Plaintiff filed this pro se civil rights complaint against the Saginaw Police Department and detectives Bradley and Burns alleging deprivation of property without due process. Plaintiff was arrested for murder in July 1978. Defendants took $220.00 from plaintiff upon his arrest and also removed some clothing from plaintiff's car under a search warrant. Plaintiff subsequently confessed to robbing and shooting the victim and was convicted of murder. He then filed a motion in the state trial court seeking return of the $220.00 and the clothing. On October 13, 1983, the state court entered an order directing that the clothing and 'the money remaining in Defendant's [plaintiff's] jail account' be returned to plaintiff. Plaintiff filed this action on December 8, 1983, alleging that defendants refused to comply with the state court order to return his property. Plaintiff filed a motion for entry of default on February 7, 1984, and default was entered by the clerk on March 6, 1984. Meanwhile, defendants had filed an answer to plaintiff's motion for default on February 21, requesting an extension of time to file a motion to quash service. Defendants filed motions to quash service and for summary judgment on March 20, 1984. The district court referred the motions to a magistrate, who recommended that the motion for summary judgment be granted. Plaintiff filed objections. On September 25, 1984, the district court granted summary judgment for defendants. On September 28, 1984, the court filed an order correcting typographical errors in the original judgment. Plaintiff filed a motion for reconsideration. The district court denied the motion on the grounds that the complaint did not state a due process claim since plaintiff failed to plead and prove that state remedies were inadequate. We affirm.
 
 
 5
 Plaintiff first argues on appeal that the district court erred in allowing defendants to file an untimely motion despite the entry of default judgment. The district court can set aside an entry of default by the clerk 'for good cause shown.' Federal Rules of Civil Procedure 55(c). We find that the district court did not abuse its discretion in allowing defendants to respond after plaintiff's motion for entry of default. See Traguth v. Zuck, 710 F.2d 90 (2d Cir. 1983).
 
 
 6
 Plaintiff's remaining arguments basically assert that summary judgment was inappropriate because the complaint stated a valid claim. To state a claim under 42 U.S.C. Sec. 1983 for deprivation of property without procedural due process, the plaintiff must allege that state post-deprivation remedies are inadequate. Hudson v. Palmer, ---- U.S. ----, 104 S.Ct. 3194 (1984); Parratt v. Taylor, 451 U.S. 527 (1981); Bacon v. Patera, 772 F.2d 259 (6th Cir. 1985); Wilson v. Beebe, 770 F.2d 578 (6th Cir. 1985) (en banc). Plaintiff claims that he has been attempting to obtain his property since 1979 and defendants continue to withhold it despite the October, 1983, state court order directing its return. Police retention of property seized in an arrest and criminal investigation is not actionable under section 1983 if state remedies are available for return of the property. Wagner v. Higgins, 754 F.2d 186 (6th Cir. 1985). The parties in their appellate briefs state that plaintiff filed a state mandamus action on January 21, 1985. The state court denied mandamus relief on June 11, 1985, on the grounds that plaintiff's sister had received the property, and even if she had not, plaintiff could sue the defendants for money damages. Plaintiff argues that these attempts prove that the state remedies are inadequate and therefore he has been deprived of his property without due process, citing Coleman v. Turpen, 697 F.2d 1341 (10th Cir. 1983), and Barker v. Norman, 651 F.2d 1107 (5th Cir. 1981). In Coleman, the complaint stated a section 1983 claim because it challenged the state statute which authorized retention of seized property until the criminal defendant's execution with no opportunity for a defendant to prove his ownership of the property. In Barker, the case was remanded because the district court failed to consider the allegation that police retention of seized property violated due process. The appeal was decided shortly after Parratt v. Taylor, supra, and the court stated that it expressed no opinion on whether Parratt would provide a defense on remand. In this case, plaintiff does not challenge the adequacy and availability of state procedures. His claim amounts to nothing more than an allegation that the defendants failed to comply with a state judgment. This claim alleges random, unauthorized acts by defendants, not inadequate state remedies. See Bacon v. Patera, supra; Wilson v. Beebe, supra. Plaintiff's lack of success in the state courts does not prove that state remedies are inadequate. Cf. McGhee v. Hanberry, 604 F.2d 9 (5th Cir. 1979) (lack of success in 28 U.S.C. Sec. 2255 petition does not show inadequacy of remedy). Under state procedures, plaintiff was able to file the motion for return of the property and a mandamus action. He could also petition for a writ of enforcement of the state judgment. See Mich. Comp. Laws Ann. Sec. 600.6001; Mich. Court Rule 741.1; see also, Wagner v. Higgins, supra. Under these circumstances, plaintiff has not shown deprivation of due process under state law.
 
 
 7
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).
 
 
 
 *
 The Honorable William K. Thomas, Senior U.S. District Judge for the Northern District of Ohio, sitting by designation