831 F.2d 293
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kevin BENNETT, Plaintiff-Appellant,
v.
Robert BROWN, Jr., and Dale Foltz, Defendants-Appellees.
 No. 87-1026.
 United States Court of Appeals, Sixth Circuit.
 Oct. 14, 1987.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the plaintiff's pro se brief, this panel agrees unanimously that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff, a Michigan state prisoner, appeals the district court's judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Secs. 1983, 1985 and 1986, as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 3
 Upon consideration, we conclude that the district court's judgment should be affirmed in part and vacated and remanded in part.
 
 
 4
 Regarding plaintiff's claim of cruel and unusual punishment, we conclude that plaintiff has failed to state a claim because he has made only conclusory statements about this claim without citing any specific instances of misconduct. Such conclusory allegations are insufficient to state a claim. See Chapman v. City of Detroit, 808 F.2d 459 (6th Cir.1986); Smith v. Rose, 760 F.2d 102 (6th Cir.1985).
 
 
 5
 Plaintiff's claim that the prison rules were improperly promulgated contrary to the Michigan Administrative Procedure Act, also does not state a claim. This deprivation of an alleged liberty interest was allegedly the result of a random and unauthorized act. See Davis v. Robb, 794 F.2d 1129 (6th Cir.), cert. denied, 107 S.Ct. 592 (1986); Four Seasons Apartments v. City of Mayfield Heights, 775 F.2d 150 (6th Cir.1985). Therefore, in order to state a claim, plaintiff was required to plead and prove the inadequacy of Michigan state remedies. See Hudson v. Palmer, 468 U.S. 517 (1984); Joyce v. Mavromatis, 783 F.2d 56 (6th Cir.1986); Bacon v. Patera, 772 F.2d 259 (6th Cir.1985). Plaintiff has failed to do this; thus he failed to state a claim.
 
 
 6
 Regarding plaintiff's claim that he received thirty unjustified misconduct reports that resulted in the loss of 491 days of good time credit, placement in administrative segregation and maximum security classification, we conclude that plaintiff has facially stated a claim of deprivation of a substantial liberty interest. See Wolff v. McDonnell, 418 U.S. 539 (1974); Franklin v. Aycock, 795 F.2d 1253 (6th Cir.1986). Thus, it was improper for the district court to dismiss this claim in the pleading stage, the ultimate merits of which we do not comment upon.
 
 
 7
 Accordingly, we affirm the district court's judgment to the extent it dismissed plaintiff's claims of cruel and unusual punishment and improperly promulgated rules, Rules 9(b)(5), Rules of the Sixth Circuit; however, we vacate the judgment to the extent it dismissed plaintiff's procedural due process claim occasioned by thirty unjustified misconduct reports and remand this case for further consideration of this claim. Rule 9(b)(6), Rules of the Sixth Circuit.