836 F.2d 1347
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Brandon Lee FLAGNER, Plaintiff-Appellant,
v.
Ronald ARKO, Detective, Maple Heights Police Department,
Carmen Marino, Asst. County Prosecutor, Chief
Kulis, Cuyahoga County Detective Bureau,
Defendants-Appellees.
 No. 87-3469.
 United States Court of Appeals, Sixth Circuit.
 Jan. 11, 1988.
 
 Before ENGEL and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The plaintiff, an Ohio prisoner, appeals from a judgment of the district court which dismissed his 42 U.S.C. Sec. 1983 action pursuant to the doctrine of Parratt v. Taylor, 451 U.S. 527 (1981). In his action, the plaintiff alleged that his first, fourth, eighth and fourteenth amendment rights had been violated by the defendants' seizure and retention of his personal property.
 
 
 3
 Because the plaintiff clearly failed to plead or prove the inadequacy of Ohio postdeprivation remedies, the district court correctly dismissed plaintiff's claim for violation of his procedural due process rights. Hudson v. Palmer, 468 U.S. 517, 531-33 (1984); Joyce v. Mavromatis, 783 F.2d 56 (6th Cir.1986); Bacon v. Patera, 772 F.2d 259, 264 (6th Cir.1985); Wilson v. Beebe, 770 F.2d 578, 583-84 (6th Cir.1985) (en banc). However, the plaintiff's substantive due process claims under the first, fourth and eighth amendments must be separately analyzed as they involve issues distinct from plaintiff's procedural due process claim. See Vinson v. Campbell County Fiscal Court, 820 F.2d 194 (6th Cir.1987); Dugan v. Brooks, 818 F.2d 513 (6th Cir.1987).
 
 
 4
 Accordingly, the district court judgment entered on April 15, 1987, is affirmed insofar as it dismissed plaintiff's procedural due process claim, Rule 9(b)(5), Rules of the Sixth Circuit; it is vacated, however, and the case remanded to the extent that it dismissed plaintiff's substantive due process claims. Rule 9(b)(6), Rules of the Sixth Circuit.