865 F.2d 258
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nicholas John LaBATE, Plaintiff-Appellant,
v.
Ceolices BUTTS, Timothy Stackpole, William Hart, City of
Detroit, Coleman A. Young, William L. Peck,
Defendants-Appellees.
 Nos. 87-1606, 87-2160.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1988.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES, and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 LaBate appeals the district court's (1) dismissal of defendant, arson investigator Lt. William Peck under Fed.R.Civ.P. 12(b)(6), and (2) summary judgment in favor of defendants Reserve Officers Butts & Stackpoole, Chief of Police Hart, the City of Detroit, and Mayor Young.
 
 
 2
 Following the last game of the 1984 World Series in Detroit, Michigan on October 14, 1984, LaBate joined a group of people vandalizing a Detroit police scout car. By his own admission, he kicked the car and spat on it. Police reserve officer Butts contends that LaBate was inside the car with something burning in his hand. Upon seeing LaBate in the car, Butts went over to arrest him. When Butts grabbed LaBate's shoulder, the parties agreed that LaBate spun around and punched Butts in the face. Butts was in uniform at the time. A struggle between Butts and LaBate ensued. On seeing the struggle, police reserve officer Stackpoole, also a defendant, came to Butts' aid. With Stackpoole's help, LaBate was handcuffed. Following LaBate's arrest, he was first detained by Tiger Stadium Security and then by the Detroit Police. A search of LaBate's person uncovered a Bic Lighter. LaBate was arraigned on a warrant charging him with the arson of the Detroit Police car and with resisting arrest. LaBate did not seek medical care for any injuries allegedly suffered due to this incident. At trial, LaBate was found not guilty of the charges against him.
 
 
 3
 The district court dismissed LaBate's claim against arson investigator Lt. Peck finding (1) LaBate failed to establish lack of probable cause for arrest and, therefore, did not establish his cause of action in malicious prosecution, and (2) Lieutenant Peck owed no duty to LaBate under M.C.L.A. Sec. 767.40 to divulge witnesses names or to endorse them. Duties under M.C.L.A. Sec. 767.40 are required only of prosecuting attorneys of the County. The district court dismissed LaBate's claim against the City because LaBate did not demonstrate that he was injured due to an unconstitutional action taken pursuant to official municipal policy or custom. The district court dismissed LaBate's claims against Mayor Young and Chief Hart because (1) LaBate never came forward with any evidence that showed that there was a genuine issue of fact as to the liability of Mayor Young and Chief Hart, and (2) LaBate did not demonstrate that he was deprived of any federal constitutional or statutory right due to their actions. The district court dismissed LaBate's claims against reserve officers Butts and Stackpoole because (1) LaBate supplied no facts that an established municipal policy required Butts and Stackpoole to violate LaBate's constitutional rights, and (2) LaBate did not demonstrate a clear lack of probable cause at the time of his arrest necessary to establish that Butts or Stackpoole's actions towards LaBate was based upon random or unauthorized conduct.
 
 
 4
 We affirm the district court's dismissal of the defendant Lieutenant Peck under Fed.R.Civ.P. 12(b)(6). Under Michigan law, a police officer cannot be found liable for malicious prosecution when lack of probable cause to arrest has been established. King v. Arbic, 159 Mich.App. 452 (1987). LaBate's claim of malicious prosecution against Peck cannot be maintained because he makes no allegation that probable cause for arrest was lacking. Where a plaintiff fails to state a claim for malicious prosecution under state law, no claim under 42 U.S.C. Sec. 1983 may be maintained. Terket v. Lund, 623 F.2d 29 (7th Cir.1980). LaBate argues Lieutenant Peck did not divulge witnesses' names or endorse them as required under M.C.L.A. Sec. 767.40. However, as the district court correctly found in LaBate's motion for rehearing and reconsideration of the court's order dismissing Lieutenant Peck, the endorsement of witnesses referred to in M.C.L.A. Sec. 767.40 is required only of the prosecuting attorney of the County. LaBate's allegations that Lieutenant Peck was in charge of the preparation and prosecution of the case and trial of the plaintiff does not convert Lieutenant Peck from an arson investigator and also a witness himself to a prosecution attorney, into the prosecuting attorney. Lieutenant Peck has no duty under M.C.L.A. Sec. 767.40 to divulge witnesses' names or to endorse them.
 
 
 5
 The district court stated that, with regard to defendant the City of Detroit, the allegations of LaBate did not demonstrate municipal liability. We agree and affirm the district court. Municipal liability can attach only where a plaintiff pleads and proves that his or her injury is caused by an unconstitutional action taken pursuant to municipal policy of some nature. Pembauer v. Cincinnati, 475 U.S. ----, 89 L.Ed.2d 452 (1986). LaBate contends only that the "official policy" involved in this case was the City's policy of wrongfully prosecuting him for arson of a police vehicle and offers statements of Mayor Young indicating that the city would prosecute the "white suburbanite" who allegedly caused a tumult following the Tigers 1984 World Series victory. LaBate claims that these statements established the city's municipal policy. Such evidence clearly does not prove a municipal policy.
 
 
 6
 With regard to defendant Mayor Young, LaBate's cause of action is based solely on the above statements made by Mayor Young. The district court correctly noted that statements of a municipal official, even if libelous or slanderous, do not create a cause of action under 42 U.S.C. Sec. 1983. Taylor v. Nichols, 409 F.Supp. 927 (D.Kansas 1976), aff'd, 558 F.2d 561 (10th Cir.1977). The district court held that LaBate has no cause of action under 42 U.S.C. Sec. 1983 against Mayor Young for his statements. We agree.
 
 
 7
 LaBate's claim against Chief Hart is based on the scheduling of a promotional exam for police officers on the day which, in hindsight, proved to be the day of the final game of the 1984 World Series. The district court stated that the LaBate gave no indication that Chief Hart authorized or approved unconstitutional conduct towards LaBate or any policy or custom which was unconstitutional due to the promotional exam. The court refused to infer that, due to the promotional exam, the city was inadequately policed for the final game of the World Series. LaBate offered no evidence to show that his late evening arrest was somehow related to the day-time exam. The district court, therefore, dismissed Chief Hart. We agree.
 
 
 8
 With regard to defendants Reserve Officers Butts and Stackpoole, LaBate made (1) a procedural due process claim that he was deprived of a liberty interest without due process of law, and a substantive due process claim that he was wrongfully arrested without probable cause. Under a procedural due process claim, LaBate must demonstrate that his alleged liberty interest has been infringed upon without due process of law. Bacon v. Patera, 772 F.2d 259, 263-264 (6th Cir.1985). The district court held LaBate failed to offer evidence to support one of the two alternatives needed to establish procedural due process claim. Taylor v. Watters, 636 F.Supp. 181 (E.D.Mich.1986). LaBate did not establish (1) the existence of a municipal policy requiring unconstitutional conduct by the defendant or (2) that defendants actions were random or unauthorized conduct. The district court noted that in conjunction with second alternative, "random and unauthorized" conduct, LaBate had to show that the state remedies were inadequate. Bacon, 772 F.2d at 264; Wilson v. Beebe, 770 F.2d 570a, 583-584 (6th Cir.1985); Parratt v. Taylor, 451 U.S. 527, 101 Sup.Ct. 1908, 68 L.Ed.2d 420 (1981). The district court found that, in this case, the state remedies would be tort actions based on false arrest, false imprisonment, and malicious prosecution. These actions were filed in this case as pendant state claims, and were remanded to the state court. The district court held that as the state remedies appeared adequate, LaBate did not state a procedural due process claim. Bacon, 772 F.2d at 264. We agree.
 
 
 9
 The district court stated that under a substantive due process claim for wrongful arrest, the question of whether an individual has been unlawfully detained and arrested centers on whether probable cause to arrest existed. Floyd v. Farrell, 765 F.2d 1 (1st Cir.1985); Mann v. Cannon, 731 F.2d 54 (1st Cir.1984). Under 42 U.S.C. Sec. 1983, liability should only result when there clearly was no probable cause. Floyd, 765 F.2d at 5. See also Harlow v. Fitzgerald, 445 U.S. 800 (1982). The district court held that LaBate did not demonstrate a clear lack of probable cause at the time of his arrest. LaBate submitted no evidence tending to show that a reasonable man would not arrest the plaintiff under similar circumstances. We agree. LaBate also argues that his arrest and subsequent prosecution violated substantive due process because the police officers actions in arresting and prosecuting him amounted to conduct which "shocks the conscience". Lewis v. Downs, 774 F.2d 711 (6th Cir.1985). The district court stated that LaBate did not demonstrate that any excess force accompanied defendants Butts' and Stackpoole's action. The district court noted that LaBate never sought any medical care for any injuries he allegedly sustained due to his arrest. LaBate also testified that he tried to resist arrest. The district court therefore held that LaBate did not establish that defendants actions in arresting him "shocked the conscience". We agree.
 
 
 10
 For the reasons stated above, we affirm the district court on all points.