**SPARTA AVIATION SERVICES, INC., Plaintiff,**

**v.**

**VILLAGE OF SPARTA, MICHIGAN, and Henry Beverwyk, Defendants.**

**No. G88–375 CA.**

United States District Court, W.D. Michigan, S.D.

Dec. 21, 1988.

Tolley, Fiser & Verwys, P.C. by Peter R. Tolley, Paul L. Nelson, Grand Rapids, Mich., for Sparta Aviation Services, Inc.

Plunkett & Cooney by James S. O'Leary, Lansing, Mich., for Henry Beverwyk.

Farr & Oosterhouse by William S. Farr, Steven L. Skahn, Grand Rapids, Mich., for Village of Sparta.

## OPINION

BENJAMIN F. GIBSON, District Judge.

Plaintiff Sparta Aviation Services, Inc. ("Sparta Aviation") filed the present action

---

**11.** The claims stated in counts VI and IX were    dismissed by earlier order of the Court.

against defendants Village of Sparta (the "Village") and Henry Beverwyk, a member of the Village Council, under Title 42 United States Code Section 1983 ("Section 1983") alleging violations of the equal protection clause of the fourteenth amendment based on sex and age discrimination and Section 511 of the Airport and Airway Improvement Act of 1982, 49 U.S.C.App. § 2210 ("Section 511"). Sparta Aviation also alleges a pendent state claim of tortious interference with economic expectancy against defendant Beverwyk. Presently pending before the Court is the Village's motion for summary judgment. The Court has reviewed the defendant's motion, plaintiff's response, defendant's reply brief, the arguments presented, and the evidence in support thereof. For the reasons stated below, the Village's motion is granted in part and denied in part, and the pendent state claim is dismissed.

### FACTS

Sparta Aviation had a lease agreement with the Village whereby for approximately forty years it used a portion of the grounds of Sparta Airport, providing aviation services to users of the airport as a fixed-base operator. The written lease agreement expired in March 1986; however, the lease continued on a month-to-month basis until December 1987. The parties attempted to negotiate a new lease before the agreement expired in 1986, and continued negotiations during the hold-over period. At some point the negotiations broke down and an agreement was not reached. On April 10, 1987, a notice terminating the tenancy in 90 days was sent to Sparta Aviation. Subsequently, the Village advertised for bids for a new lease at the airport. The Village ultimately reached a new lease agreement with Grand Rapids Aviation.

Sparta Aviation alleges that during the course of negotiations it made many concessions and offered many benefits to the Village but that its lease proposals were rejected. Sparta Aviation alleges that the Village broke off negotiations and rejected its proposals based on the age and sex of its principals, Jack Norton, a seventy-four

year old man, and Loretta Vantine, a woman. Sparta Aviation opines that none of the lease proposals resulting from the Village's advertisements were as qualified as Sparta Aviation and believes that the Grand Rapids Aviation lease is in fact significantly less beneficial to the Village.

The Village responds that its decision was not arbitrary, capricious, or discriminatory, but rather that Sparta Aviation did not obtain the new lease because Sparta Aviation rejected the Village's proposed lease agreement, broke off further negotiations, and then failed to submit a bid for the new lease in response to the Village's advertisement. The Village denies that age or sex considerations entered its negotiations or decision-making process.

### STANDARD FOR REVIEW

Summary judgment is appropriate when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c); *Atlas Concrete Pipe, Inc. v. Roger J. Au & Son, Inc.,* 668 F.2d 905, 908 (6th Cir.1982). There is no material issue of fact for trial unless, by viewing the evidence in favor of the non-moving party, a reasonable jury could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Boddy v. Dean,* 821 F.2d 346, 349 (6th Cir.1987). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2511 (citations omitted).

The party moving for summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a material issue of fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Potters Medical Center v. City Hospital Association,* 800 F.2d 568, 572 (6th Cir.1986). Once the moving party has met its burden, the non-moving party must go beyond the pleadings and come forward with specific facts

to show that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Celotex,* 477 U.S. at 322–24, 106 S.Ct. at 2552–53. If after adequate discovery the party bearing the burden of proof fails to make a showing sufficient to establish an essential element of his claim, summary judgment is appropriate. *Id.*

## SECTION 1983

Section 1983 requires plaintiff to prove that conduct under the color of state law caused a deprivation of rights secured by the Constitution or federal laws. *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923–24, 64 L.Ed.2d 572 (1980); *Bacon v. Patera,* 772 F.2d 259, 263 (6th Cir.1985). It is undisputed that the Village's actions were under the color of state law. *See Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). It is thus necessary to examine the basis of plaintiff's claims and to review the evidence in order to determine whether plaintiff has stated claims which can withstand a summary judgment motion.

## A. EQUAL PROTECTION CLAIMS

■ In Count I, Sparta Aviation claims that the Village violated Section 1983 by purposefully discriminating on the basis of sex and age, thereby depriving plaintiff of equal protection of the laws under the fourteenth amendment. Plaintiff has the burden of proving purposeful discrimination on the basis of sex. *Personnel Administrator of Massachusetts v. Feeney,* 442 U.S. 256, 272, 99 S.Ct. 2282, 2292, 60 L.Ed.2d 870 (1979). However, "determining the existence of discriminatory purpose 'demands a sensitive inquiry into such circumstantial and direct evidence of intent as may be available.'" *Rogers v. Lodge,* 458 U.S. 613, 618, 102 S.Ct. 3272, 3276, 73 L.Ed.2d 1012 (1982) (quoting *Village of Arlington Heights v. Metropolitan Housing Development Corp.,* 429 U.S. 252, 266, 97 S.Ct. 555, 564, 50 L.Ed.2d 450 (1977)).

Sparta Aviation bases its claim on an inquiry made by Henry Beverwyk, a Village Council member who Sparta Aviation alleges was chairman of the Village Airport Committee, with regard to what provisions had been made for management under the proposed long term lease if Jack Norton died. In addition, Beverwyk allegedly expressed concern over the capabilities of Loretta Vantine, the female general manager who would then be in charge.[1] In further support that the Village's decision was not a valid business decision, Sparta Aviation claims that it offered certain benefits that made its proposal better than the ones received through the bidding process.[2] Thus, Sparta Aviation argues that it has provided sufficient evidence to create an issue of credibility, thereby precluding summary judgment.

The Village denies discriminating on the basis of sex or age and contends that it expressed proper concern regarding future management. The Village contends that the reason Sparta Aviation did not obtain the lease was because Sparta Aviation rejected the Village's proposed lease agreement, broke off the negotiations, and then failed to submit a bid in response to the general advertisement. As further evidence to support that it did not purposely discriminate against Sparta Aviation, the Village contends that it sent a lease to Sparta Aviation to sign within thirty days, which Sparta Aviation did not sign, thereby demonstrating its willingness to have Sparta Aviation as its lessee.

Based on the evidence presented, the Court concludes that factual questions exist regarding who broke off the negotiations, whether there was in fact purposeful discrimination, and whether Sparta Aviation acted reasonably in not submitting a

---

1. Loretta Vantine states in her affidavit in response to defendant's motion for summary judgment that:

    Based on [conversations with Henry Beverwyk], it is my belief that Mr. Beverwyk opposed the continuation of plaintiff's business at the Sparta Airport because he is concerned about Mr. Norton's age and the fact that a woman would be managing the airport in the event of Mr. Norton's death.

2. Jack Norton states in his affidavit that during negotiations Sparta Aviation offered benefits such as a prepayment of $100,000.00 rent and an offer to build a new $400,000.00 hangar at its own expense.

bid in response to the Village's solicitation of bids. Accordingly, the Village's motion for summary judgment on Count I is denied.

## B. SECTION 511 OF THE AIRPORT AND AIRWAY IMPROVEMENT ACT

■ In Count II, Sparta Aviation alleges that the Village has violated Section 511 of the Airport and Airway Improvement Act, 49 U.S.C.App. § 2210, by discriminating against Sparta Aviation. Section 511 provides, in essence, that an airport receiving federal funds for an airport development project must make its facilities "available for public use on fair and reasonable terms and without unjust discrimination." 49 U.S.C.App. § 2210(a).[3] The Village first argues that Section 511 is not applicable since no federal funds have been used at the airport for any development projects. Further, even if such funds had been used, the Village argues that a Section 511 claim brought under Section 1983 does not provide for a private cause of action.

The Court finds no facts in any of the pleadings, motions, briefs, or other evidence which establish that Section 511 is applicable to Sparta Airport. There is nothing to indicate that Sparta Airport has applied for or received any federal funds from the Secretary of Transportation for an airport development project. Accordingly, the Court must conclude that Count II fails to state a claim and must be dismissed.[4]

## PENDENT CLAIMS

■ Sparta Village has also claimed that defendant Beverwyk's conduct not only violated Sparta Village's rights under Section 1983, but also amounted to tortious conduct under state law. While this Court may exercise its pendent jurisdiction to hear state law claims that are related to a federal cause of action properly before the Court, the decision whether to take jurisdiction of such claims is committed to the sound discretion of the district court. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

The justification for the Court's exercise of pendent jurisdiction "lies in considerations of judicial economy, convenience and fairness to the litigants." *Id.* Although Sparta Aviation's federal and state law claims arise out of the "same common nucleus of operative fact," *id.* at 725, 86 S.Ct. at 1138, the Court finds that trial of the state and federal claims will not result in more economical use of judicial resources or greater fairness to the litigants. Because the federal and state claims are established by different elements of proof, the inclusion of the state claims in this action greatly increases the complexity of the case and increases the time and difficulty of presenting the case to a jury. It is the Court's opinion that this greater complexity with its attendant demands on this Court outweighs any advantage that would be gained by presenting the state and federal claims in the same action and increases the likelihood of confusing the jury. Consequently, the Court is persuaded that the better procedure is to dismiss all of the pendent state law claims, without prejudice, so that plaintiff may assert those claims in state court.

## CONCLUSION

In conclusion, the Village of Sparta's motion for summary judgment is granted in

---

**3.** Section 511 provides in full:
  "As a condition precedent to approval of an airport development project contained in a project grant application submitted under this chapter, the Secretary shall receive assurances, in writing, satisfactory to the Secretary, that—
    (1) the airport to which the project relates will be available for public use on fair and reasonable terms and without unjust discrimination, including the requirement that ... (B) each fixed-based operator at any airport shall be subject to the same rates, fees, rentals, and other charges as are uniformly applicable to all other fixed-based operators making the same or similar uses of such airport utilizing the same or similar facilities, ..."
  49 U.S.C.App. § 2210(a).

**4.** Since the Court has determined that Sparta Aviation does not have a claim under Section 511, it is unnecessary for the Court to resolve the issue of whether a private plaintiff can maintain an action under Section 511 brought pursuant to Section 1983.

part and denied in part. The motion for summary judgment on Count I of the complaint is denied. The motion for summary judgment on Count II of the complaint is granted. In addition, the pendent state claim in Count III is dismissed, without prejudice.