925 F.2d 1467
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Douglas G. WOOD, et al., Plaintiffs,
v.
Leonard C. BARSTOW, et al., Defendants.
John D. Mastrantonio, Margaret J. Mastrantonio, Defendants
Third Party Plaintiffs-Appellees,
City of Dearborn Heights, Defendant Third Party Defendant-Appellant.
 No. 89-2203.
 United States Court of Appeals, Sixth Circuit.
 Jan. 7, 1991.
 
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and SILER*, Chief District Judge.
 WELLFORD, Circuit Judge.
 
 
 1
 In 1985, Douglas Wood, and his wife, Michelle (Wood), sued in state court their neighbors in Dearborn Heights, Michigan, John and Margaret Mastrantonio (Mastrantonio), for allegedly misrepresenting the condition of the house which they purchased from Mastrantonio in 1981. The misrepresentation purportedly involved an assurance that the home was connected to the Dearborn Heights sewer system when in fact it had a separate septic tank for handling such waste. Mastrantonio, in turn, as third party plaintiffs, sued the City of Dearborn Heights for fraud for representing that the home in question, 7436 Vernon, was connected to its sewer system and in collecting sewer fees thereafter on the property. Wood also sued the real estate agencies involved in the 1981 sale, and the individual sales persons, Leonard Barstow and Lisha Szebo. That claim is not before us.
 
 
 2
 Wood alleged that in 1984 they discovered that the house was not connected to the sewer system and were forced to hire a contractor to make the required sewer connection. Mastrantonio claimed that they were entitled to indemnification from the City and for damages under 42 U.S.C. Sec. 1983. The case was removed to federal court by the City. Mastrantonio then sought to remand the case to the state court, and the City responded in opposition and also sought sanctions.
 
 
 3
 The district court granted the motion to remand as to all matters except the claim for damages and other relief set out in the third party complaint against the City under Sec. 1983. On remand, the state court found for the City based upon governmental immunity on all but the fraud claim. Mastrantonio settled the case with Wood for $3,000 and received a release and dismissal as to charges against them. Mastrantonio's Sec. 1983 claim was against the City and two of its sewer inspectors, Thomas Tracey and James Briggs, claiming that the latter concealed their activities concerning their inspections and the lack of the sewer connection in 1984.
 
 
 4
 The City and the two individual employees moved to dismiss Mastrantonio's claim based on Fed.R.Civ.P. 12(b)(6), but the motion was overruled, because the district court found "genuine disputed issues remained" in the case. This claim went forward to jury trial resulting in an $18,000 jury verdict against the City and a verdict for the individual defendants. Mastrantonio then sought attorney fees while the City moved for a judgment notwithstanding the verdict and for a new trial. The latter motion was denied in both respects; attorney fees in the total amount claimed of nearly $16,500 were granted Mastrantonio. The City has now appealed. We REVERSE for the reasons indicated.
 
 
 5
 The real question in this case is whether plaintiffs have alleged, or demonstrated by proof, that the City acted in an unconstitutional fashion with respect to plaintiffs within the meaning of 42 U.S.C. Sec. 1983. We have plenary review to determine whether plaintiffs had a protected interest sufficient to trigger constitutional protection. Clark v. Township of Falls, 890 F.2d 611, 617 (3d Cir.1989). Plaintiffs contend that the City authorized and/or condoned non-inspection or improper inspection and the failure to record the results of inspections regarding existence of a sewer connection at 7436 Vernon in Dearborn Heights. Plaintiffs maintain a due process violation in that they were deprived of property through payment of sewer fees, in effect, by reason of the City's representation that the home was hooked up to the Dearborn Heights sewer system.
 
 
 6
 Although the City's sewer services and activities in this area may have been slipshod and careless, and even if plaintiffs were wronged because of this City activity, we can find no constitutional violation in this course of conduct, giving plaintiffs the benefit of every reasonable, favorable inference.[1] Damage to reputation is not a constitutional violation in the sense claimed by plaintiffs. Paul v. Davis, 424 U.S. 693, 701-02 (1976); Bacon v. Patera, 772 F.2d 259, 263-64 (6th Cir.1985). There must be shown a violation of constitutional rights. Bird v. Summit County, 730 F.2d 442 (6th Cir.1984).
 
 
 7
 We can find in the allegations of plaintiffs and under the proof in the record no denial of "life and property" without due process by color of law or by reason of the City's negligence. The erroneous assessment and collection of sewer fees under the circumstances does not constitute a violation of due process. Neither is it demonstrated that within the meaning and rationale of Parratt v. Taylor, 451 U.S. 527 (1981), or Hudson v. Palmer, 468 U.S. 517 (1984), that plaintiffs did not have a plain and adequate remedy at state law for any erroneous collection of fees or failure to make a sewer connection, if in fact the City was responsible for any failure in this particular.
 
 
 8
 Furthermore, we discern no conduct by the City that shocks the conscience of the court within the meaning of Rochin v. California, 342 U.S. 165, 173 (1952). Nor was the City guilty of malicious policy or practices equivalent to gross and reckless conduct directed against plaintiffs. See Wilson v. Beebe, 770 F.2d 578 (6th Cir.1985). Mere negligent conduct is not sufficient. Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 9
 We, therefore, must REVERSE the judgment rendered against the City under the circumstances. (Our decision does not preclude establishment of any proper claim by the plaintiffs against the City for any wrongful activity which is not claimed to constitute a constitutional violation.)
 
 
 
 *
 THE HONORABLE EUGENE E. SILER, JR., Chief Judge, United States District Court for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 The City tendered, prior to trial, a refund of approximately $290 representing the contested sewer fees in full