Kevin McKENNA and Barbara McKenna, Plaintiffs-Appellants,

v.

CITY OF MEMPHIS and William Sarden, Defendants-Appellees.

No. 84–5608.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 24, 1986.
Decided March 12, 1986.

Ronald D. Krelstein (argued), Holt, Batchelor, Krelstein & Nicholson, Memphis, Tenn., for plaintiffs-appellants.

Henry L. Klein (argued), Clifford E. Pierce, Jr., City Atty., City of Memphis, Memphis, Tenn., for defendants-appellees.

Before LIVELY, Chief Judge, MERRITT, Circuit Judge, and GILMORE, District Judge.[*]

PER CURIAM.

This is an action under 42 U.S.C. § 1983 in which the plaintiffs allege that their due process rights guaranteed by the Fourteenth Amendment were violated by the defendants. Kevin McKenna was a Memphis police officer. While pursuing a fleeing suspect on foot McKenna was shot by a fellow Memphis police officer, the defendant Sarden, who was also chasing the suspect.

McKenna charged in his complaint that Sarden "recklessly fired his revolver under circumstances not warrantying [sic] the use of deadly force." This was so, according to McKenna, because the only offenses known to have been committed by the suspect at the time of the shooting were traffic violations, not serious crimes. McKenna also alleged that Sarden was acting pursuant to a regulation of the Memphis Police Department "outlining the circumstances under which officers were permitted to use deadly force." He charged in his complaint that his injury resulted from execution of this policy.

McKenna introduced evidence from which it might be inferred that Sarden's supervisors should have recognized that he was incompetent. He showed that Sarden did not meet either the minimum education or I.Q. requirements for appointment to the police force. McKenna did not prove that Sarden was following regulations in firing his revolver. In fact, the district court held that Sarden acted in violation of, not pursuant to, such regulations.

The district court submitted the case to the jury on interrogatories. 544 F.Supp. 415. The jury answered "No" to four questions concerning the City's conduct:

1) Was the City of Memphis reckless or grossly negligent in failing to require William Sarden to meet its police recruit qualification standards?

2) Was the City of Memphis reckless or grossly negligent in failing to train adequately Sarden, as a recruit, and/or as an inservice officer, as to use of deadly force?

3) Was the City of Memphis reckless or grossly negligent in failing adequately to supervise William Sarden as an officer of the Memphis Police Department?

4) Was the City of Memphis reckless or grossly negligent in failing adequately to discipline Sarden and its officers for misuse of deadly force when it was determined that deadly force was improperly used by its officers?

On the basis of its answers to the quoted interrogatories the jury entered a general verdict for the City. McKenna requested additional interrogatories, all related to the claim of reckless or grossly negligent conduct by the City. He also requested an instruction on simple negligence on the part of the City in recruiting, training, supervising and disciplining Sarden.

On the plaintiffs' waiver, the district court considered their pendent state claim without the intervention of a jury, and awarded damages of $20,000 against Sarden and the City. That judgment was not appealed. This appeal is from the judgment for the City under 42 U.S.C. § 1983. In their motion for judgment notwithstanding the verdict and for a new trial the plaintiffs relied solely on their claim that the City was negligent in hiring, training, supervising and disciplining Sarden. They relied only on these alleged failures of the City with respect to Sarden; there was no reliance on the City's regulation concerning the use of deadly force, and no claim that the district court erred in failing to submit to the jury an issue related to the allega-

---

[*] The Honorable Horace Gilmore, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

tion in the complaint that Sarden was following a police regulation when he fired his revolver.

On appeal, however, the plaintiffs contend that they produced sufficient evidence to require judgment in their favor on the theory that McKenna suffered a constitutional deprivation by reason of a policy, custom or practice of the City, relying on *Monell v. City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The problem with this argument is that the case was not tried on this theory. They seek to bootstrap a claim of negligence in hiring, training and supervising into a claim of injury caused by Sarden's following a custom, policy or practice.

The case against the City was tried on a theory of gross negligence or reckless conduct. In an abundance of caution the district court submitted a separate set of interrogatories requiring the jury to determine if the City was guilty of simple negligence. The jury absolved the City of liability under this theory as well.

It is clear since the decisions of the Supreme Court in *Daniels v. Williams*, ── U.S. ──, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), and *Davidson v. Cannon*, ── U.S. ──, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986), that there can be no liability under 42 U.S.C. § 1983 for simple negligence. As the Court stated in *Daniels*, "where a government official's act causing injury to life, liberty or property is merely negligent, 'no procedure for compensation is *constitutionally* required.'" (Quoting Powell, J. in *Parratt v. Taylor*, 451 U.S. 527, 548, 101 S.Ct. 1908, 1919, 68 L.Ed.2d 420 (1981), and adding emphasis). *Daniels v. Williams*, ── U.S. at ──, 106 S.Ct. at 666. The Court in *Daniels* did leave open the question of whether § 1983 might afford relief for a higher degree of negligence:

> Accordingly, this case affords us no occasion to consider whether something less than intentional conduct, such as recklessness or "gross negligence," is

enough to trigger the protections of the Due Process Clause.

*Daniels*, at ──, n. 3, 106 S.Ct. at 667, n. 3.

Under the current interpretation of § 1983, that statute is applicable at best to provide a remedy for due process claims when one acting under color of state law intentionally inflicts an injury or acts with gross negligence or reckless disregard of the rights of an injured party. The jury determined that no act or omission of the City of Memphis in the areas of recruiting, hiring, training, supervising or disciplining Sarden constituted reckless conduct or gross negligence. This finding determined that the City was not liable to the plaintiffs under § 1983 on the only basis upon which liability could have been predicated.

We have considered other issues presented by the plaintiffs and find them to be without merit.

The judgment of the district court is affirmed.