**Edna Fay PORTER, Plaintiff,**

v.

**CITY OF DETROIT, a Municipal Corporation, et al., Defendants.**

**Civ. A. No. 83–CV–1399–DT.**

United States District Court,
E.D. Michigan, S.D.

July 3, 1986.

Robert H. Roether, P.C., Birmingham, Mich., for plaintiff.

W.B. McIntyre, Jr., Detroit, Mich., for Wayne Co. Sheriff.

Maggie W. Drake, Detroit, Mich., for City of Detroit.

## MEMORANDUM OPINION AND ORDER

PHILIP PRATT, Chief Judge.

This is a 42 U.S.C. § 1983 action arising out of the arrest of, and the subsequent medical complications suffered by, the plaintiff. On November 18, 1982 the plaintiff was arrested by some as yet unidentified undercover police officers, who were employed by the defendant City of Detroit, for the delivery of heroin. On November 19, 1982, the plaintiff was arraigned at

Recorder's Court in Wayne County and placed in the custody of the Wayne County Sheriff, who is also a defendant in this action.

Plaintiff contends that she was beaten when she was arrested (she does not contest the validity of the arrest), and that she suffered injuries to the head as a result of this beating by Detroit City police officers.[1] There is no medical testimony in the record regarding the extent of these injuries. Further, the plaintiff testified in her deposition that after the alleged beating, she was not bleeding, did not have torn clothing, and that there were no bumps, lacerations or cuts on her body that would be visible to anyone.

The plaintiff also alleges that at the time of her arrest, and later at the City of Detroit "lock-up," she told the police several times that "she was hurting" and had to go to the hospital. After her transfer to the custody of the Wayne County Sheriff the next day, she continued to make these requests and was taken to the hospital after it became apparent that she was ill. It was determined at the hospital that she was suffering from gangrene, resulting in the amputation of her leg below the knee in December of 1982.

The plaintiff admits that at the time of this incident, she used narcotics, including the injection of heroin. She injected drugs in the inside of the upper part of her thigh, where she felt pain the evening of her arrest. At the time of her arrest she did not know she had an infection and was not under a doctor's care. She first learned of the infection when she was taken to Detroit Receiving Hospital from the Wayne County jail on November 22, 1982, four days after her arrest. According to her deposition testimony, she did not tell the arresting officers where she felt pain.

In her second amended complaint, the plaintiff alleges that her Eighth and Fourteenth Amendment rights were violated by the defendants, which included the

County of Wayne, the Wayne County Sheriff, the City of Detroit and some "John Doe" Detroit police officers. Wayne County has since been dismissed with prejudice and the "John Doe" officers were dismissed without prejudice on October 15, 1985, as they had not been served. Before the court now is the City of Detroit's motion for summary judgment. F.R.Civ.P. 56 provides that summary judgment is appropriate where there is no dispute as to any material fact and the moving party is entitled to judgment as a matter of law. The movant has the burden of "conclusively" showing the absence of genuine issues of material fact. *Blakeman and Keeble v. Mead Containers,* 779 F.2d 1146, 1150 (6th Cir.1985). Further, the evidence and all inferences to be drawn therefrom must be read in the light most favorable to the party opposing the motion. *Smith v. Hudson,* 600 F.2d 60 (6th Cir.1979), *cert. denied,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415. As this is a civil rights case, the court will scrutinize the plaintiff's claims with special care before taking the resolution of the case away from the jury. *Lucarell v. McNair,* 453 F.2d 836 (6th Cir. 1972).

### THE BEATING

Section 1983 is a jurisdictional statute that allows a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." To state a claim under § 1983, a plaintiff must show two things: 1) that the defendant acted under color of state law, and 2) that the defendant deprived the plaintiff of a federal right, either statutory or constitutional. *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Bacon v. Patera,* 772 F.2d 259 (6th Cir.1985). The defendant here is the City of Detroit, which does not deny that its conduct was under

---

1. The court relies almost entirely upon the plaintiff's deposition testimony for the facts of this case.

the color of state law. The constitutional right implicated in the complaint is the well recognized liberty to be free from bodily restraint and intrusions on bodily security, as protected by the Due Process Clause of the Fourteenth Amendment. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).[2]

 The first path that a procedural due process claim might take is to show that the defendant had an established procedure or policy that resulted in the types of constitutional violations alleged by plaintiff. *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). In the seminal case of *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that while local governing bodies are "persons," and therefore can be sued directly under § 1983, such bodies "cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691, 98 S.Ct. at 2036. Instead, liability against municipalities should be imposed only when a governmental policy or custom is responsible for the deprivation of constitutional rights. *Id.*, 436 U.S. at 690 and 694, 98 S.Ct. at 2035–36 and 2037. The Court has emphasized that the alleged governmental policy must be so tied to the challenged acts that it can be said to be the "moving force of the constitutional violation." *Polk County v. Dodson*, 454 U.S. 312, 313, 326, 102 S.Ct. 445, 447, 454, 70 L.Ed.2d 509 (1981). More recently, the Court has held that "at the very least there must be an affirmative link between the policy and the particular constitutional violation alleged." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 2436,

85 L.Ed.2d 791 (1985). The plurality opinion in *Tuttle* said that "proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing unconstitutional municipal policy." *Id.*, 105 S.Ct. at 2436.[3] The plurality went on to say that "where the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality and the causal connection between the 'policy' and the constitutional deprivation." *Id.*, 105 S.Ct. at 2436.[4] If an unconstitutional municipal policy were to be inferred from a single incident of lower-level police misconduct, the result would be the resurrection of the *respondeat superior* theory rejected in *Monell*. In sum, "municipal liability attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. *Pembauer*, 106 S.Ct. at 1300.

 The plaintiff has not produced any evidence which would even suggest that she suffered any injuries due to any unconstitutional policy implemented by the City of Detroit. The plaintiff claims that this motion is premature because she has submitted some interrogatories to the defendant, the answers to which may turn up some relevant evidence. The plaintiff has not filed an affidavit to stay consideration of the summary judgment motion pursuant to Fed.R.Civ.P. 56(f).[5] In the absence of

---

**2.** The plaintiff has not specified whether she is making procedural or substantive due process claims, thus the court will treat both possibilities in turn, beginning with procedural due process.

**3.** This does not, of course, mean that where there has only been a single instance of allegedly unconstitutional conduct that the plaintiff is barred as a matter of law from bringing a § 1983 claim against a municipality. *See, Kibbe v. City of Springfield*, 777 F.2d 801 (1st Cir. 1985), *cert. granted, sub. nom. Springfield v.*

*Kibbe,* —— U.S. ——, 106 S.Ct. 1374, 89 L.Ed.2d 600 (1986).

**4.** However, a single incident may in itself be evidence of a policy and serve to create municipal liability where the conduct complained of represents a decision by the authorized policymakers of the municipality. *Pembaur v. City of Cincinnati,* —— U.S. ——, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986).

**5.** Fed.R.Civ.P. 56(f) reads as follows:

such an affidavit, a district court is authorized to enter judgment based upon the evidence before it. *Shavrnoch v. Clark Oil and Refining Corp.*, 726 F.2d 291, 294 (6th Cir.1984). The plaintiff also has not made any showing other than outright speculation that she will obtain information that would create a genuine issue of material fact. *See, Daily Press, Inc. v. United Press International*, 412 F.2d 126, 135 (6th Cir.1969), *cert. denied*, 396 U.S. 990, 90 S.Ct. 480, 24 L.Ed.2d 453. Nor has the plaintiff explained in a genuine and convincing manner why she could not obtain the facts necessary to oppose this motion. *Contemporary Mission, Inc. v. U.S. Postal Service*, 648 F.2d 97 (2d Cir.1981). It bears mentioning that this case is several years old and has been proceeding very slowly. In July of 1985 this court ordered the plaintiff to show cause why this action should not be dismissed for lack of prosecution. This generated a flurry of activity, including a switch of counsel by the plaintiff in December of 1985.[6] The plaintiff has had more than sufficient time to gather evidence on this issue, and the court is not sympathetic to speculative last-minute requests for discovery regarding issues that the plaintiff and her counsel should have known were vital to her case. *See, British Airways Bd. v. Boeing*, 585 F.2d 946, 955 (9th Cir.1978) *cert. denied*, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979).

▨ The second direction that a procedural due process claim can take is where the plaintiff alleges that the defendant's action were random and unauthorized. In this case, that would basically be an allegation that the arresting officers acted on their own, were random and unauthorized. In this case, that would basically be an allegation that the arresting officers acted on their own, without authorization from the City of Detroit. At this stage of the litigation, the individual city police officers are no longer in the case. However, even if the plaintiff could bring them back into the case, she would have to show that the post-deprivation remedies provided by the state are inadequate. *Bacon v. Patera*, 772 F.2d 259 (6th Cir.1985); *Wilson v. Beebe*, 770 F.2d 578 (6th Cir.1985). Even if the state remedy is not as complete as that which is available under § 1983, the plaintiff has not suffered a deprivation of protected rights without due process of law. *Beebe*, 770 F.2d at 583. In this case, the plaintiff has not made such an allegation, nor does it appear that she could.[7]

▨ The remaining Fourteenth amendment claim the plaintiff might have against the city relating to the alleged beating is a substantive due process one. Unlike procedural due process, which permits a state to deprive a person of life, liberty or property when it provides a procedural remedy, substantive due process imposes limits on what a state may do regardless of what process is provided. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). While this claim does not require that a specific constitutional guarantee be violated, the official's action must be such that it "shocks the conscience," or "offends the community's sense of fair play and decency." *Rochin v. California*, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952); *Wilson v. Beebe*, 770 F.2d 578, 582 (6th Cir.1985). However, a tort does not become a "violation of the Fourteenth Amendment merely because the defendant is a state official. *Baker v. McCol-*

When affidavits are unavailable. Should it appear from the affidavits of a party opposing the motion that he can for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may take such other order as is just.

**6.** The court hastens to add that these observations are not meant as a rebuke to plaintiff's current counsel, who only recently entered his appearance in this case.

**7.** Where there has been a showing that the plaintiff has been deprived of her rights by reason of a municipal policy, or that her substantive due process rights have been violated, the presence of alternative state remedies is not a mitigating factor, and the plaintiff may maintain a § 1983 action. *Bacon*, 772 F.2d at 264; *Beebe*, 770 F.2d at 586.

*lan,* 443 U.S. 137, 146, 99 S.Ct. 2689, 2695–96, 61 L.Ed.2d 433 (1979). Force used by the police is unconstitutionally excessive only if it is arbitrary and a raw abuse of power that shocks the conscience of the court. *Rochin, supra; King v. Blankenship,* 636 F.2d 70 (4th Cir.1980); *Hall v. Lawney,* 621 F.2d 607 (4th Cir.1980); *Smith v. Garrett,* 586 F.Supp. 517 (N.W. W.Va.1984). As this court has held before, a simple assault does not become a Fourteenth amendment violation merely because it was done by a police officer. *Page v. Van Buren Twp.,* Slip Op. 83–1270 (E.D. Mich. May 23, 1985). Not all unlawful force used by state officials rises to the level of a constitutional violation, and "not every push or shove, even if it may later seem unnecessary in the peace of a judges chambers, violates the Constitution." *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.1973), *cert. denied* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324; *See, Vasquez v. Hamtramck,* 757 F.2d 771 (6th Cir.1985); *Meola v. Machado,* 602 F.Supp.3 (D.Mass.1984). Recently the Supreme Court noted that it had "never held that every instance of use of unreasonable force in effecting an arrest constitutes a violation of the Fourth Amendment." *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 105 S.Ct. 2427, 2433, n. 4, 85 L.Ed.2d 791 (1985). In perhaps the most cited analysis, Judge Friendly wrote:

> In determining whether the constitutional line has been crossed, a court must look to such factors as the need for application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, and whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of cause harm.

*Glick,* 481 F.2d at 1033.

■ Assuming the plaintiff's version of the facts to be true, the court is presented with a situation where state officials have misused their authority. However, the plaintiff has not been able to point to a single physical injury that she received as a result of the alleged beating. She has tes-

tified that she had suffered no visible cuts or bruises, she was not bleeding, and her clothing was not torn. Thus even if the beating did occur, it cannot be said that it rose to such a level as to "shock the conscience." While the court certainly does not condone acts of police brutality, the conduct complained of in this action simply does not rise to the level of a constitutional violation.

## THE FAILURE TO PROVIDE MEDICAL CARE

■ At the outset, plaintiff's Eighth Amendment claims must be dismissed because the complained of conduct occurred while she was a pretrial detainee. The constitutional rights of a prisoner who has been convicted of a crime are protected by the Eighth Amendment's prohibition against cruel and unusual punishment, while pretrial detainees' constitutional rights are secured by the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Matzker v. Herr,* 748 F.2d 1142 (7th Cir.1984).

■ In *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), the Supreme Court held that the Due Process Clause of the Fourteenth Amendment prohibits "punishment" of persons unless they have been convicted of a crime. However, not all official conduct of officials, regardless of the injury suffered by the pre-trial detainee, gives rise to a due process claim. The Supreme Court has recently held that merely negligent conduct by the authorities will not support a due process claim brought under § 1983. *Daniels v. Williams,* —— U.S. ——, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon,* —— U.S. ——, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986); *Janan v. Trammell,* 785 F.2d 557, (6th Cir.1986); *McKenna v. City of Memphis,* 785 F.2d 560 (6th Cir.1986). The *Daniels* court held that the "Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss or injury to life, liberty or property."

*Id.*, 106 S.Ct. at 663. The court was emphatic in its rejection of the "reasonable person" standard:

> Far from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation, within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law.

*Id.*, 106 S.Ct. at 665.[8]

The plaintiff has not established a genuine issue of material fact on the degree of culpability of the defendant's conduct. The plaintiff herself has testified that she did not know she had a serious infection at the time of her arrest. A review of her testimony indicates that there were no visible signs of illness. She told the officers only that she "hurt," and has testified that she did not give them any details at all as to the nature or source of her pain. Officials cannot be held liable for not treating injuries which either are not serious or which they would have no reason to know are serious. *Matzker v. Herr*, 748 F.2d 1142, 1147, n. 3 (7th Cir.1984). Further, she was in the custody of the defendant for only one day before being transferred to Wayne County custody. At the time of the arrest the officers had no reason to believe the plaintiff was suffering from a serious illness or injury, nor is there any evidence that they engaged in any conduct in relation to her medical condition that rose above the level of negligence.

The plaintiff has not demonstrated that there are genuine issues of material fact as to her procedural or substantive Due Process claims against the City of Detroit, and this court accordingly grants the City of Detroit's motion for summary judgment and dismisses it from the action.

IT IS SO ORDERED.

---

**8.** The *Daniels* court did not rule out the possibility that other constitutional provisions might be violated by negligence conduct. *Id.*, 106 S.Ct. at 666. The court also declined to hold whether something less than intentional conduct, such as reckless or "gross negligence," would trigger the protections of the due process clause. *Id.*, 106 S.Ct. at 667, n. 3; *Janan*, 785 F.2d at 559; *McKenna*, 785 F.2d at 562.