817 F.2d 105
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John James TRIBELL, Jr., Plaintiff-Appellant,
v.
Warden Otie JONES; Steven Norris, Commissioner of
Corrections, Defendants- Appellees.
 No. 86-5881.
 United States Court of Appeals, Sixth Circuit.
 April 28, 1987.
 
 Before KEITH, KENNEDY and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court upon consideration of appellant's motion for appointment of counsel and for a transcript at the government's expense. This appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. This panel unanimously agrees that oral argument is not needed.
 
 
 2
 Plaintiff maintains on appeal that the district court erred in refusing to allow amendment of the 42 U.S.C. Sec. 1983 complaint to include a pendent state common-law negligence claim.
 
 
 3
 Plaintiff's complaint against the correctional officials for alleged negligence was properly dismissed for failure to state an actionable claim under 42 U.S.C. Sec. 1983. McKenna v. City of Memphis, 785 F.2d 560 (6th Cir. 1986). Plaintiff's complaint against three fellow inmates was likewise properly dismissed because it was not alleged that the inmates acted "under color of law" in assaulting plaintiff. See Adickes v. Kress & Co., 398 U.S. 144 (1970). The district court then properly declined to exercise pendent jurisdiction over the state claim allegedly arising from the same assault because no federal claim remained. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Hooks v. Hooks, 771 F.2d 935, 944-45 (6th Cir. 1985).
 
 
 4
 Plaintiff's claim alleging that the conditions of his confinement violated his Eighth Amendment rights then proceeded to trial. Plaintiff now informs this Court that his circumstances have changed and that he no longer seeks the injunctive relief requested. Under these circumstances, the action, which sought only declaratory and injunctive relief, is rendered moot. DeFunis v. Odegaard, 416 U.S. 312, 316-20 (1974); Mawby v. Ambroyer, 568 F.Supp. 245, 247 (E.D. Mich. 1983).
 
 
 5
 Therefore, appellant's motion for appointment of counsel and for a transcript is denied, and the judgment of the district court is affirmed pursuant to Rule 9(b), Rules of the Sixth Circuit.