**E.J., a minor, et al., Plaintiffs,**

v.

**HAMILTON COUNTY, OHIO et al., Defendants.**

**Civ. No. C–1–88–0839.**

United States District Court, S.D. Ohio.

Feb. 6, 1989.

Marc Mezibov, Cincinnati, Ohio, Michael O'Hara, Covington, Ky., Beth Silverman, Cincinnati, Ohio, for plaintiffs.

L. Clifford Craig, Cincinnati, Ohio, for defendants.

## ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court on the motion of defendants' Hamilton County, Ohio (the "County"), Hamilton County Department of Human Services (the "HCDHS"), and Joseph M. DeCourcy, Norman A. Murdock, and Robert A. Taft II (the "Commissioners") to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) (doc. no. 5). Memoranda in opposition to and in support thereof have been filed (doc. nos. 8, 11). For the reasons contained herein defendants' motion to dismiss the complaint is GRANTED in part and DENIED in part.

The plaintiffs have filed this action under 42 U.S.C. § 1983 alleging that they suffered injuries from physical and sexual abuse during the time they were committed to the Allen House in Hamilton County, Ohio.

Among their many arguments, defendants have taken the position that plaintiffs' complaint fails to set forth a claim against any of the defendants upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). Defendants should be commended for the ingenuity and wealth of their arguments, however, this Court may not weigh the merits of plaintiffs' claims as defendants would like but rather is bound by the standard which tests a 12(b)(6) motion.

A Rule 12(b)(6) motion examines whether a cognizable claim has been pleaded in the complaint. Rule 8(a) sets forth the basic federal pleading requirement that a pleading "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." The familiar standard enunciated in *Jones v. Sherrill*, 827 F.2d 1102, 1103 (6th Cir.1987) states:

In reviewing a dismissal under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint. *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983), *cert. denied*, 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984). The motion to dismiss must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle them to relief. *Id.* at 158; *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Although this standard for Rule 12(b)(6) dismissals is quite liberal, more than bare assertions of legal conclusions are ordinarily required to satisfy federal notice pleading requirements. 5 C. Wright & A. Miller, Federal Practice & Procedure § 1357 at 596 (1969). "In practice, 'a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984) (*quoting In re Plywood Antitrust Litiga-*

*tion*, 655 F.2d 627, 641 (5th Cir.1981), *cert. dismissed*, 462 U.S. 1125, 103 S.Ct. 3100, 77 L.Ed.2d 1358 (1983)), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985); see also *Sutliff, Inc. v. Donovan Cos.*, 727 F.2d 648, 654 (7th Cir.1984); 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216 at 121–23 (1969).

The United States Court of Appeals for the Sixth Circuit recently stated:

"[W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."

*Scheid v. Fanny Farmer Candy Shops Inc.*, 859 F.2d 434 (6th Cir.1988) citing *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39 (6th Cir.1988) (*quoting O'Brien v. DiGrazia*, 544 F.2d 543, 546 n. 3 (1st Cir.1976)).

### Governmental Entities

Initially defendants the County and HCDHS submit that plaintiffs have not alleged anywhere in their complaint that any of the defendants acted under color of state law.

This Court recognizes the standard set forth in *Nishiyama v. Dickson County Tenn.*, 814 F.2d 277, 279 (6th Cir.1987) that in order to sustain a claim under section 1983, the plaintiffs must satisfy the following requirements: 1) the conduct at issue must have been under color of state law; 2) the conduct must have caused a deprivation of constitutional rights; and 3) the deprivation must have occurred without due process of law.

Although plaintiffs did not use the "exact" language "under color of state law", upon a careful review of the complaint it is clear to the Court that plaintiffs have alleged that the governmental entities had specific responsibility for maintaining the Allen House and for assuring that the chil-

dren receive adequate care and treatment. The plaintiffs have also alleged systematic acts and statutory omissions in performance of their official duties.

Since this Court must assume the facts alleged to be true, this Court finds that the plaintiffs have adequately stated a claim under section 1983 as required by the foregoing standard.

▮ Defendants next argue that plaintiffs' complaint should be dismissed as it fails to identify any official policy or the existence of any widespread and persistent custom of the County or HCDHS.

In *Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611, (1978), the Supreme Court held that:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. [The County cannot be held vicariously liable under § 1983] [citations omitted] Instead, it is when execution of government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that a government as an entity is responsible under § 1983.

*Molton v. City of Cleveland,* 839 F.2d 240, 243 (6th Cir.1988) (petition for cert. filed July 11, 1988) (citing *Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); *Oklahoma City v. Tuttle,* 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985).

Therefore, a § 1983 plaintiff must show that the governmental entities deprived them of a constitutional right either as a result of a "policy statement, ordinance, regulation, or decision adopted and promulgated by the entity governing body" or as a result of a "governmental custom even though such a custom may not have received formal approval through the entity official decisionmaking channels." *Rymer v. Davis,* 754 F.2d 198 (6th Cir.1985), *cert. denied,* 480 U.S. 916, 107 S.Ct. 1369, 94 L.Ed.2d 685 (1987)) (citation omitted).

More specifically under the facts of *this* case, plaintiff must establish 1) deliberate and discernible municipal policies or customs to inadequately train County personnel and to inadequately supervise the County's facility; and 2) the County's policies or customs were the "moving forces" of plaintiff's injuries.

This Court at the same time considers plaintiffs' reliance upon the Supreme Court holding in *Youngberg v. Romeo,* 457 U.S. 307, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982) that the involuntarily committed may maintain an action under 42 U.S.C. § 1983 for constitutionally protected liberty interests under the Due Process Clause of the Fourteenth Amendment for reasonably safe conditions of confinement, freedom from unreasonable bodily restraints, and minimally adequate training as reasonably may be required by these interests. Plaintiffs have alleged a pattern and practice of grossly inadequate screening, care, treatment, training and supervision on the part of defendants.

Section 1983 does not provide a cause of action for isolated incidents that result from a negligent failure to adequately supervise, train, or control employees. *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 873 (6th Cir.1982). See also *McKenna v. City of Memphis,* 785 F.2d 560, 562 (6th Cir. 1986), *citing Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986); *Chesney v. Hill,* 813 F.2d 754, 755 (6th Cir.1987).

However liability may be imposed for an act or omission in training or supervising where the act or omission is part of a pattern of past misconduct. *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir.1982); *McKenna v. City of Memphis,* 785 F.2d 560, 562 (6th Cir.1986).

A causal connection must be established between the act or omission of a supervisory defendant and the alleged deprivation of plaintiff's constitutional rights. *Wilson v. Attaway,* 757 F.2d 1227, 1241 (11th Cir. 1985). This causal connection may be established where 1) a history of widespread prior abuse puts an official on notice of the

need for improved training or supervision; or 2) a single abuse occurs that is so outrageous as to give rise to an inference that a supervisor must have breached his duty of proper supervision. *Id.*

Although this Court has grave concerns on the merits of plaintiffs' claims, it is bound by the foregoing standard and accordingly finds that plaintiff has sufficiently plead his cause of action to sustain the burden imposed by the standard.

■ Defendants next argue that the complaint fails to sufficiently allege intentional conduct or conduct so outrageous and arbitrary as to set forth a § 1983 claim.

After review of the complaint this Court observes that plaintiffs have alleged a claim of grossly negligent or deliberately indifferent conduct on the part of defendants which is something less than intentional conduct by the defendants.

The Supreme Court in *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) left open the question of whether gross negligence can give rise to liability under § 1983. *Daniels,* 474 U.S. at 334, n. 3, 106 S.Ct. at 667, n. 3.

However, in *Jones v. Sherrill,* 827 F.2d at 1106, the United States Court of Appeals for the Sixth Circuit reaffirmed its recognition from *Nishiyama, supra* that gross negligence on the part of defendants is sufficient to charge them with arbitrary use of government power under § 1983.

"Gross negligence" is not a simple standard to define, [but it can be stated that] "a person may be said to act in such a way as to trigger a section 1983 claim if he intentionally does something unreasonable with disregard to a known risk or a risk so obvious that he must be assumed to have been aware of it, and of a magnitude such that it is highly probable that harm will follow." *Jones* at 1106.

The facts alleged in support of a legal conclusion of gross negligence must be sufficient to charge the government officials with outrageous conduct or arbitrary use of government power. *Id.* See *Nishiya-*

*ma v. Dickson County,* 814 F.2d 277, 282 (6th Cir.1987).

Again this Court finds that the facts alleged to support the claim of gross negligence in the complaint are sufficient to withstand the motion to dismiss at this time. Accordingly defendants argument is not well taken.

■ Finally defendants the County and HCDHS argue that they are immune from liability for any state law claims pursuant to O.R.C. § 2744.03(A)(5) which states:

The political subdivision is immune from liability if the injury, death, or loss to person or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.

O.R.C. 2744.01(F) further defines "political subdivision" to include the term "county" for the purposes of Chapter 2744.

Although defendants rely on the doctrine of immunity established in O.R.C. 2744, this immunity is not absolute. It is qualified in whether the judgment or discretion exercised was with malicious purpose, in bad faith, or in a wanton or reckless manner. The plaintiffs have alleged such facts and therefore defendants are not entitled to dismissal on grounds of immunity at this posture of the action.

## Individual Defendants

■ The individual defendants Joseph M. DeCourcy, Norman A. Murdock and Robert A. Taft II (Commissioners) first submit that since they are sued only in their official capacities, monetary damages are not recoverable and in essence this suit is actually against the County defendants.

The Court notes that as long as the government entity receives notice and an opportunity to respond, an official-capacity suit in all respects other than name, is to be treated as a suit against the entity. *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); see also *Brandon v. Holt,* 469 U.S. 464, 471–472,

105 S.Ct. 873, 877–878, 83 L.Ed.2d 878 (1985).

This Court finds defendants' argument persuasive and accordingly Counts I, II, and III are hereby dismissed against defendants Joseph M. DeCourcy, Norman A. Murdock and Robert A. Taft II.

 Finally the defendant commissioners contend that plaintiffs state law claims, Counts IV and V, fail to state a claim for relief as these defendants are immune from liability under common law immunity and Ohio Revised Code 2744.03(a)(5). Defendants did not act out of their discretionary planning and policy making functions nor with malicious purpose or in bad faith.

This Court quotes verbatim from *Poe v. Haydon*, 853 F.2d 418, 424–425 (6th Cir. 1988):

> A public official may assert qualified immunity as an affirmative defense, but the point may also be put at issue before a formal defense is ever asserted. Thus, "the defendant could properly challenge the sufficiency of the complaint under F.R.C.P. 12(b)(6) on the basis that he was entitled to qualified immunity because the facts pleaded would not show that his conduct violated clearly established law of which a reasonable person should have known at the time." *Dominque [v. Telb]*, 831 F.2d [673] at 677 [ (6th Cir. 1987) ]. Whether qualified immunity is raised in a motion to dismiss or as an affirmative defense, the official must plead facts which, if true, would establish that he was acting within the scope of his discretionary authority when the challenged conduct occurred. *Davis v. Holly*, 835 F.2d 1175, 1178 (6th Cir.1987). See *Harlow [v. Fitzgerald]*, 457 U.S. [800] at 816 [102 S.Ct. 2727 at 2737, 73 L.Ed.2d 396 (1982) ], ("Immunity generally is available only to officials performing discretionary functions."). If the defendant's qualified immunity cannot be resolved on the pleadings, "then presumably the district court can so hold".... If the case proceeds to discovery, "any such discovery should be tailored specifically to the question of [the defendant's] qualified immunity." *Anderson [v. Creighton ]*, [483 U.S. 635] 107 S.Ct. [3034] at 3042 n. 6 [97 L.Ed.2d 523 (1987) ]. Thereafter, the defendant may "file a motion for summary judgment so that the further harassment of going to trial may be avoided." *Kennedy [v. City of Cleveland ]*, 797 F.2d [297] at 299 [ (6th Cir.1986) ].

As previously noted this Court is bound by the standard that all facts alleged are assumed to be true. Furthermore defendants have not yet plead the requisite facts which entitle them to dismissal of Counts IV and V under the doctrine of qualified immunity. Defendants' argument is therefore rejected.

In conclusion, defendants' motion to dismiss is GRANTED only as to Counts I, II and III against defendants Joseph M. DeCourcy, Norman A. Murdock and Robert A. Taft II. On all other claims defendants' motion to dismiss is DENIED.

IT IS SO ORDERED.