**Victor ELFERING, Personal Representative of the Estate of Bruce Elfering, Deceased, Plaintiff,**

**v.**

**NORTHWEST AIRLINES, INC., and McDonnell Douglas Corporation, Defendants.**

**Civ. A. No. 88–CV–70680–DT.**

United States District Court, E.D. Michigan, S.D.

Oct. 10, 1989.

Charles Brewer, Phoenix, Ariz., Stanley Chesley, Cincinnati, Ohio, Lee Kreindler, New York City, Gerald Lear and Thomas Meehan, Washington, D.C., and Richard Schaden, Birmingham, Mich., for plaintiffs Steering Committee.

Carroll E. Dubuc, Laxalt, Wash., Perito and Dubuc, Washington, D.C., for defendant Northwest Airlines.

John J. Hennelly, Bryan, Cave, McPheeters & McRoberts, Los Angeles, Cal., and Donald E. Shely, Dykema Gossett, Detroit, Mich., for defendant McDonnell Douglas.

### ORDER

JULIAN ABELE COOK, Jr., Chief Judge.

On July 17, 1989, the Defendant, Northwest Airlines, Inc. (Northwest), filed a motion for a summary judgment against the personal representatives of the decedents who were employed by Northwest and died during the course of their employment.[1]

---

**1.** Northwest's Motions for a Summary Judgment pertained to the following cases: *Rade-* *macher v. Northwest Airlines, Inc.,* 88–CV–72170–DT; *Kahle v. Northwest Airlines, Inc.,* 88–

On that same day, Northwest also moved for a summary judgment against the Defendant, McDonnell Douglas Corporation (MDC), who had filed contribution and indemnity claims in those same cases. In their opposition papers, the Plaintiffs and MDC maintain that they have been denied discovery regarding those matters that are necessary in order to respond to the merits of the position which has been advanced by Northwest.[2]

For the following reasons, this Court finds that the Plaintiffs and MDC cannot adequately oppose the pending motion as of this date and, as a result, Northwest's motion for a summary judgment is stayed until further discovery is completed. In addition, this Court directs the parties to submit further briefing on the issue of whether the claims against Northwest by the Plaintiffs at issue, and MDC's corresponding cross-claims in these cases, should be severed from the claims and issues that are to be presented in the joint liability trial which began on October 2, 1989.

I

The Plaintiffs, who are subject to the instant motion for a summary judgment, are presenting their claims on behalf of certain Northwest Flight 255 crew members who died as a result of the accident on August 16, 1987. In its motion for a summary judgment, Northwest maintains that it has satisfied its statutory obligations to these decedents and their beneficiaries as required under the relevant workers' compensation statute. As a result, Northwest maintains that workers' compensation provides these Plaintiffs with their exclusive remedy absent proof of a conscious and deliberate intent to injure the employee. Northwest concludes that because the evidence does not demonstrate that there was any intention to cause the accident or the

resulting injuries, the intentional tort exception to the exclusive remedy provision of the relevant workers' compensation statute does not apply and, by virtue thereof, it is entitled to a summary judgment as a matter of law.

Following a similar analysis, Northwest also contends that the exclusivity provision of the workers' compensation laws also bar MDC's cross claim for indemnity and contribution. Based upon this reasoning, Northwest moves for a summary judgment as to MDC's cross claims that were raised in those cases which are ostensibly governed by the workers' compensation laws.

In their opposition pleadings, the Plaintiffs and MDC contend that it would be "unfair and patently erroneous" to grant the motions for a summary judgment because they have not been given an adequate opportunity to obtain discovery concerning the issue of Northwest's compliance with the workers' compensation statutes. In support of this position, the nonmovants note that, during the liability discovery phase of this litigation, this Court previously precluded MDC from discovering information pertaining to the alleged limitations of Northwest's liability under the workers' compensation law. This Court denied MDC's request to compel the production of information on this issue. *In re Air Crash at Detroit Metropolitan Airport on August 16, 1987,* MDC No. 742, at 7 (E.D.Mich. Jan. 31, 1989).

II

■ This Court construes the position which has been advanced by the Plaintiffs and MDC to constitute a request to delay the decision on the Northwest motions pending further discovery as allowed by Federal Rule of Civil Procedure 56(f).[3] Rule 56(f) provides as follows:

---

CV–70526–DT; *Elfering v. Northwest Airlines, Inc.,* 88–CV–70680–DT; *Shaffer v. Northwest Airlines, Inc.,* 88–CV–74651–DT.

**2.** On August 11, 1989, the Plaintiffs, Charles Rademacher, Mary Kahle, and Victor Elfering, filed papers in opposition to Northwest's motion. On August 15, 1989, the Plaintiff, Steve

Shaffer, filed a separate opposition pleading. The Defendant, MDC, filed its responsive pleadings on July 31, 1989.

**3.** This Court notes that the position of the Plaintiffs and MDC can be nothing other than a Rule 56(f) continuance request. Clearly, the Plaintiffs and MDC cannot contend that they may

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

*Fed.R.Civ.P.* 56(f).

The Plaintiffs and MDC correctly note that this Court denied the latter's motion to compel the production of information "concerning limitations of Northwest's liability in those individual cases which involved . . . on-duty Northwest employees whose claims against the airlines are allegedly barred by the exclusivity provisions of the applicable workers' compensation laws." *In re Air Crash Disaster at Detroit Metropolitan Airport on August 16, 1987*, MDL No. 742, at 7 (E.D.Mich. Jan. 31, 1989). In support of its decision, this "Court agree[d] with Northwest that this information is properly to be considered damages discovery, and should not be compelled during the liability discovery period." *Id.* This Court also recognizes that because no Northwest employee case has been scheduled to conduct damages discovery, the Plaintiffs and MDC have not had an opportunity to question Northwest on this issue.

It would be inherently inequitable for this court to deny MDC's motion to compel certain information because it was premature and, thereafter, to grant Northwest's motion for a summary judgment that ostensibly involves the precise factual issues about which the parties have been precluded from investigating. Although subsequent investigation may reveal that Northwest fully complied with the requirements of the pertinent workers' compensation

laws, the parties are at least entitled to obtain discovery on this issue in order to confirm or contest the instant motion.[4] Therefore, this Court believes that it is necessary to "order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had." *Fed. R.Civ.P.* 56(f).

■ In ordering a continuance under Rule 56(f), this Court is mindful of the technical requirement within this Circuit, as well as other Circuits, that the party who requests the continuance must file a supporting affidavit. *See Shavrnoch v. Clark Oil & Refining Corp.*, 726 F.2d 291, 294 (6th Cir.1984); *Porter v. City of Detroit*, 639 F.Supp. 589, 592–93 (E.D.Mich. 1986) (Pratt, C.J.); *see also Dreiling v. Peugeot Motors of America, Inc.*, 850 F.2d 1373, 1376–77 (10th Cir.1988); *Indians v. American Management & Amusement, Inc.*, 840 F.2d 1394, 1400 (9th Cir.1987); *Falcone v. Columbia Pictures Industries*, 805 F.2d 115, 117 n. 2 (3d Cir.1986); *Hebert v. Wickland*, 744 F.2d 218, 222 (1st Cir. 1984). However, as noted by the District of Columbia Court of Appeals in *First Chicago International v. United Exchange Co., Ltd.*, 836 F.2d 1375, 1380 (D.C.Cir. 1988) (citation omitted),

> [t]he purpose of the affidavit is to ensure that the nonmoving party is invoking the protections of Rule 56(f) in good faith and to afford the trial court the showing necessary to assess the merit of a party's opposition.

In the case at bench, the parties' inability to obtain the needed discovery resulted from an order in which this Court denied a request for such discovery material without reaching the merits of the motion. The parties were not dilatory in their efforts to

---

defeat the substance of Northwest's summary judgment motions based on their inability to adequately respond at this time.

**4.** Northwest's contention that the submitted affidavit testimony settles this issue and that Plaintiffs and MDC present no evidence in contravention misses the point. The parties are not required to concede the merits of a summary judgment motion simply because the movant supplies an affidavit which, if unrebutted,

would entitle it to a judgment in its favor. Of course, the nonmovant has the opportunity to present counter affidavits when appropriate. In this case, the Plaintiffs and MDC have not had an opportunity to determine whether the movant's representations are accurate. This may account for the nonmovants' inability to present evidence that rebuts Northwest's representations.

obtain information concerning Northwest's compliance with the workers' compensation laws, but were precluded by this Court from doing so because their application for discovery had been premature. In this situation, it would exalt form over substance to deny a continuance because the Plaintiffs and MDC had not submitted an affidavit which would explain the reasons why further discovery is needed. Obviously, this Court is aware of the procedural history that has resulted in the parties' inability to obtain relevant discovery concerning Northwest's compliance with the workers' compensation laws. As such, the Court believes that, under the circumstances of this case and after a review of the purpose of the Rule 56(f) affidavit mandate, a limited exception to this technical requirement is appropriate, equitable and necessary in order to protect the interests of all of the parties and to preserve the integrity of the judicial system.[5]

Therefore, this Court shall stay Northwest's Motions for a Summary Judgment until the parties have had the opportunity to conduct further discovery. The Plaintiffs, whose claims are the subject of these motions, MDC, and Northwest shall limit their discovery to the issue of compliance, if any, by the movant with the requirements of the pertinent workers' compensation laws. The discovery on this issue shall commence as of the date of this order and shall continue for thirty (30) calendar days thereafter.

III

Discovery in those cases by the personal representatives of the Northwest employees who died during the course of their employment shall be ongoing subsequent to the commencement of the liability trial on October 2, 1989. As a result, it may become necessary to sever the claims of these Plaintiffs, as well as MDC's cross claims in these cases, from those issues and claims that are currently designated to be presented during the liability trial. *See Fed.R.Civ.P.* 42(b); *Davis & Cox v. Summa Corp.,* 751 F.2d 1507, 1517 (9th Cir. 1985).

In an attempt to be equitable to the parties in interest, this Court shall allow the parties to submit additional briefing on this issue on or before October 20, 1989.

IT IS SO ORDERED.

*Contemporary Mission, Inc. v. United States Postal Serv.,* 648 F.2d 97 (2d Cir.1981); *Ward v. United States,* 471 F.2d 667 (3d Cir.1973); *In re Scott County Master Docket,* 618 F.Supp. 1534, 1548 (D.Minn.1985), *rev'd on other grounds sub nom., Meyers v. Morris,* 810 F.2d 1437 (8th Cir. 1987), *cert. denied,* 484 U.S. 828, 108 S.Ct. 37, 98 L.Ed.2d 58 (1988); *Concord Laboratories, Inc. v. Concord Medical Center,* 552 F.Supp. 549, 554 (N.D.Ill.1982); *Donovan v. Nellis,* 528 F.Supp. 538, 542 (N.D.Fla.1981). *Cf. Emmons v. McLaughlin,* 874 F.2d 351, 357 (6th Cir.1989). However, in the case at bench, it is not evident that the Plaintiffs and MDC may obtain information concerning Northwest's compliance with the workers' compensation laws from a source which is independent of Northwest. Even if Northwest is not the exclusive source of information concerning this issue, it is unfair to require litigants, whose request for this information was denied because their application was premature, to engage in an arduous search for such information when a party to this litigation can easily produce the desired discovery material. The exclusive source rule was simply not designed to apply in this context.

---

**5.** This Court does not adopt the position of the *First Chicago* Court on the issue of affidavits in the context of Rule 56(f). *First Chicago* would find it unnecessary to file an affidavit in order to properly present a Rule 56(f) contention when "other documents filed by the plaintiff—such as opposing motions and outstanding discovery requests—suffice[ ] to alert the district court of the need for further discovery and thus serve[s] as the functional equivalent of an affidavit." *First Chicago,* 836 F.2d at 1380 (citations omitted). This Court merely concludes that, under the specific circumstances of this case in which a court order has expressly precluded a party from obtaining relevant discovery material, the technical affidavit requirement of Rule 56(f) is suspended.

This Court also notes that a factor to be considered when confronted with a Rule 56(f) continuance request is whether the information sought was within the exclusive control or knowledge of the party moving for a summary judgment. *See Weir v. Anaconda Co.,* 773 F.2d 1073, 1083 (10th Cir.1985); *Patty Precision v. Brown & Sharpe Manufacturing Co.,* 742 F.2d 1260, 1264 (10th Cir.1984); *Paul Kadair, Inc. v. Sony Corp.,* 694 F.2d 1017, 1032 (5th Cir.1983);